# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| Todd Michael Taylor, | ) | |
| | ) | Civil Action No. 2:12-cv-02166-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Lieutenant Ashley, Major Neal Urch, | ) | |
| Officer Fleisher and Dr. Bianco, Med Dept., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 46], filed on July 22, 2013, recommending that Defendants'[1] Motion for Summary Judgment [Dkt. No. 29] be granted. Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. §1983. The Report set forth in detail the relevant facts and legal standards on these matters which the court incorporates herein without recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

_____

[1] The Motion is made on behalf of Defendants Lieutenant Ashley, Major Neal Urch and Officer Fleisher. Plaintiff never served Dr. Bianco.

Plaintiff was advised of his right to file objections to the Report [Dkt. No. 46]. However, Plaintiff filed no objections to the Report and also failed to file the report required by the Magistrate Judge regarding whether Plaintiff wished to pursue his claims against Defendant Bianco. The time for doing both has expired. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 46]. It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Dkt. No. 29] is **GRANTED.** As Plaintiff has not filed the required report indicating that he wishes to pursue his claims against Defendant Bianco, Defendant Bianco is DISMISSED from this action due to Plaintiff's failure to timely serve or prosecute him.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 12, 2013